UNITED STATES DISTRICT COURT
SOUTHERN DISRICT OF FLORIDA

Case No.: 13-21515-cv-CMA

WILLIAM SEALE and
MARGUERITE E. PELISSIER,
His Wife,

    Plaintiffs,

v.

OCEAN REEF CLUB, INC.,
a Florida Corporation, OCEAN
REEF COMMUNITY ASSOCIATION,
a Florida Corporation, and TAYLOR
CLARK, individually,

    Defendants.
_____/

## AMENDED COMPLAINT

Plaintiffs, WILLIAM SEALE and MARGUERITE E. PELISSIER, by and through their undersigned counsel, hereby sue Defendants, OCEAN REEF CLUB, INC., OCEAN REEF COMMUNITY ASSOCIATION, and TAYLOR CLARK, alleging as follows:

### THE PARTIES

1.  At all times material hereto, the Plaintiffs, WILLIAM SEALE and MARGUERITE E. PELISSIER, were and are *sui juris*, were residents of Annapolis, Maryland, and owned property in Monroe County, Florida.

2.  At all times material hereto, Defendant OCEAN REEF CLUB, INC. ("OCEAN REEF"), is and was a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Key Largo, Florida.  It is and was licensed to do business

1

in the State of Florida.  OCEAN REEF CLUB owned the property on which the accident giving rise to this action occurred and owned the golf cart giving rise to this action.

3. At all times material hereto, Defendant OCEAN REEF COMMUNITY ASSOCIATION ("ORCA") is and was a not for profit corporation organized and existing under the laws of the State of Florida, with its principal place of business in Key Largo, Florida.  It is and was licensed to do business in the State of Florida.  At all time material hereto, ORCA issued driver's licenses to minors, providing them with authorization to operate golf carts within and on the property owned and operated by Defendant OCEAN REEF.

4. At all times material hereto, Defendant TAYLOR CLARK was a resident of Rumson, New Jersey, but owned property in Ocean Reef, Key Largo, Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to Title 28, United States Code, Section 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

6. This Court has personal jurisdiction over Defendant OCEAN REEF, as a Florida corporation.

7. This Court has personal jurisdiction over Defendant ORCA, as a Florida corporation.

8. This Court has personal jurisdiction over Defendant TAYLOR CLARK, who owns a residence in the State of Florida.

9. Venue in this District is proper pursuant to Title 28, United States Code, Section 1391(a), in that, *inter alia*, the events giving rise to the claims herein occurred in this District,

and all Defendants are subject to personal jurisdiction in this District. The accident giving rise to this action occurred in Key Largo, Florida.

## GENERAL FACTUAL ALLEGATIONS

10. On or about January 1, 2011, Plaintiff WILLIAM SEALE was operating his unmotorized bicycle in a manner consistent with the law within and on the property owned and operated by Defendant OCEAN REEF.

11. At all times material hereto, Plaintiff WILLIAM SEALE was a member and homeowner at OCEAN REEF and was legally on their premises at the time of this accident.

12. At that time and place, Defendant TAYLOR CLARK's minor daughter was operating a golf cart at or near the same location as Plaintiff WILLIAM SEALE.

13. At that time and place, there was no separate bicycle or pedestrian path on or along the roadway on which Defendant TAYLOR CLARK's minor daughter was operating the golf cart, so bicycles and pedestrians were required to share the same pathway as golf carts.

14. At that time, the golf cart driven by Defendant TAYLOR CLARK's minor daughter was owned by Defendant OCEAN REEF and had been loaned to Defendant TAYLOR CLARK. The subject golf cart was driven with the consent of Defendant OCEAN REEF, Defendant ORCA, and Defendant TAYLOR CLARK.

15. At all times material hereto, Defendant TAYLOR CLARK's minor daughter was 12 years of age.

16. At all time material hereto, Defendant TAYLOR CLARK's 12-year-old daughter possessed a license issued by Defendant ORCA, which license authorized the 12-year-old with permission, to operate a golf cart alone within and on the property owned and operated by Defendant OCEAN REEF.

17. Upon information and belief, Defendant OCEAN REEF, in providing golf carts like and including the subject golf cart, knew or should have known of the golf cart licensing practices by Defendant ORCA; specifically, upon information and belief, Defendant OCEAN REEF knew or should have known that ORCA issued licenses to inexperienced minors, like Defendant TAYLOR CLARK's daughter, authorizing such minors to drive such golf carts.

18. At that time and place, Defendant TAYLOR CLARK's minor daughter operated the golf cart in an unqualified, careless fashion, failed to look at the road in front of her sufficiently, failed to utilize appropriate speeds, failed to brake appropriately, and failed to watch with deliberateness for pedestrians and bicyclists, so as to collide with the Plaintiff, WILLIAM SEALE, causing him severe personal injury.

## COUNT I
## VICARIOUS LIABILITY
## (DEFENDANT OCEAN REEF)

19. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 18, above, as if fully set forth here, and further alleges:

20. That golf carts are dangerous instrumentalities under Florida law.

21. That, at all times material hereto, Defendant OCEAN REEF owned the subject golf cart, and, therefore, had a non-delegable obligation to ensure the safe operation of its dangerous instrumentality.

22. That the subject golf cart was misused in its operation, including being driven in a negligent manner as alleged in paragraph 18, by the minor daughter of Defendant TAYLOR CLARK.

23.     That under Florida's dangerous instrumentality doctrine, Defendant OCEAN REEF is vicariously liable for injuries and damages caused by the subject golf cart's misuse, including its negligent operation.

24.     As a direct and/or proximate result, Plaintiff WILILAM SEALE suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are permanent and continuing in nature, and Plaintiff WILLIAM SEALE will suffer the losses indefinitely into the future.

WHEREFORE Plaintiff WILLIAM SEALE demands judgment for damages against Defendant OCEAN REEF, costs of this action, and any other relief this Court deems just and proper.

## COUNT II
## NEGLIGENCE
## (DEFENDANT OCEAN REEF)

25.     Plaintiffs reaver and reallege the allegations in Paragraphs 1 through 18, above, as if fully set forth herein, and further allege:

26.     That at the time of the accident that is the subject of this cause of action the golf cart involved in the accident was owned by Defendant OCEAN REEF.

27.     That at the time of the accident that is the subject of this cause of action, Defendant OCEAN REEF did owe Plaintiff WILLIAM SEALE a duty of reasonable care in the operation, maintenance, and control of its golf carts.

28.     That at that time and place, Defendant OCEAN REEF breached these duties by, *inter alia*, failing to properly maintain the golf cart that is the subject of this cause of action; by

failing to properly assure safe cart paths or roadways for operation of the carts in the vicinity of pedestrians and bicyclists; by permitting the operation of golf carts by individuals, including minors, on paths shared by pedestrians and bicyclists; by failing to properly supervise and/or instruct individuals whom it knew or should have known would be operating the golf cart; and/or by permitting access to the golf cart by individuals, including minors, who were inexperienced drivers.

29. As a direct and proximate result of the above-described negligence, Plaintiff WILLIAM SEALE suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are permanent and continuing in nature, and Plaintiff WILLIAM SEALE will suffer the losses indefinitely into the future.

WHEREFORE Plaintiff WILLIAM SEALE demands judgment for damages against Defendant OCEAN REEF, costs of this action, and any other relief this Court deems just and proper.

**COUNT III**
**NEGLIGENT ENTRUSTMENT**
**(DEFENDANT ORCA)**

30. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 18, above, as if fully set forth here, and further alleges:

31. That golf carts are dangerous instrumentalities under Florida law.

32. That at the time of the accident that is the subject of this cause of action, Defendant TAYLOR CLARK's minor daughter was operating the golf cart involved in the accident with the permission and authorization of Defendant ORCA, which issued a driver's

license to Defendant TAYLOR CLARK's minor daughter authorizing her to drive a golf cart alone and unaccompanied by an adult.

33. That Defendant ORCA, as a bailor and licensor for use of a dangerous instrumentality, owed duties of reasonable care to Plaintiff to adequately regulate, train, instruct, screen and otherwise supervise the minor child on the reasonable, prudent, careful, and safe use of this instrumentality prior to and after issuance of her license to ensure for her proper qualifications.

34. That Defendant ORCA breached its duties owed to Plaintiff in licensing the 12-year-old daughter of Defendant TAYLOR CLARK with permission to use a dangerous instrumentality without the proper qualifications, training, instruction, screening, or supervision; by failing to properly supervise and/or instruct individuals whom it knew or should have known would be operating the golf cart; and/or by authorizing such individuals, including minors, who were inexperienced drivers, to operate golf carts alone on roadways and paths which ORCA knew or should have known were shared by pedestrians and bicyclists.

35. That at the time of the subject accident, Defendant TAYLOR CLARK's 12-year-old minor daughter operated the subject golf cart negligently, as averred in Paragraph 18.

36. That it was reasonably foreseeable that Defendant ORCA's breach would lead to accidents such as the subject accident between Defendant TAYLOR CLARK's minor daughter and Plaintiff WILLIAM SEALE.

37. As a direct and/or proximate result of these events, Plaintiff WILLIAM SEALE suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously

existing condition. These losses are permanent and continuing in nature, and Plaintiff WILLIAM SEALE will suffer the losses indefinitely into the future.

WHEREFORE Plaintiff WILLIAM SEALE demands judgment for damages against Defendant ORCA, costs of this action, and any other relief this Court deems just and proper.

## COUNT IV
## NEGLIGENCE
## (DEFENDANT ORCA)

38. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 18, above, as if fully set forth here, and further alleges:

39. That at all times material hereto, Defendant TAYLOR CLARK's minor daughter possessed a license to operate a golf cart, like the subject golf cart, which license was issued to her by Defendant ORCA.

40. That at all times material hereto, Defendant ORCA, based upon its voluntary undertaking to render services in the form of licensing golf cart drivers, owed a duty of reasonable care to Plaintiff WILLIAM SEALE to adequately qualify, train, instruct, screen and otherwise supervise those individuals to whom it granted licenses.

41. That at all times material hereto, Defendant ORCA failed to exercise reasonable care to protect this undertaking by licensing drivers such as Defendant TAYLOR CLARK's minor daughter without the reasonable qualifications, training, instruction, screening, or supervision; by failing to adequately supervise and/or instruct individuals whom it knew or should have known would be operating golf carts; and/or by authorizing individuals, including minors, who were inexperienced drivers, to operate golf carts alone on roadways and paths which ORCA knew or should have known were shared by pedestrians and bicyclists.

42. That it was reasonably foreseeable that Defendant ORCA's failure to perform its duty would lead to accidents such as the subject accident between Defendant TAYLOR CLARK's minor daughter and Plaintiff WILLIAM SEALE.

43. As a direct and/or proximate result of these events, Plaintiff WILILAM SEALE suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. These losses are permanent and continuing in nature, and Plaintiff WILLIAM SEALE will suffer the losses indefinitely into the future.

WHEREFORE Plaintiff WILLIAM SEALE demands judgment for damages against Defendant OCEAN REEF, costs of this action, and any other relief this Court deems just and proper.

## COUNT V
## NEGLIGENT ENTRUSTMENT
## (DEFENDANT TAYLOR CLARK)

44. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 18, above, as if fully set forth here, and further alleges:

45. That golf carts are dangerous instrumentalities under Florida law.

46. That, at or about the time of the subject accident, the subject golf cart had been loaned to or signed out to Defendant TAYLOR CLARK by Defendant OCEAN REEF.

47. That, at or about the time of the subject accident, Defendant TAYLOR CLARK's 12-year-old minor daughter operated the subject golf cart in a negligent manner, as averred in Paragraph 18 of the Amended Complaint.

48.	That it was reasonably foreseeable that Defendant TAYLOR CLARK's failure to perform his duty would lead to accidents such as the subject accident between Defendant TAYLOR CLARK's minor daughter and Plaintiff WILLIAM SEALE.

49.	Defendant TAYLOR CLARK, who possessed the dangerous instrumentality either intending it for his daughter's use or failing to prevent her from using it subject to any restrictions he had for it, owed duties of reasonable care to Plaintiff to adequately train, instruct, screen and supervise his minor child on the prudent, careful, and safe use of this instrumentality so as to prevent harming others.

50.	Defendant TAYLOR CLARK breached his duty of care to Plaintiff, in entrusting his 12-year-old minor daughter with the dangerous instrumentality without the proper training, instruction, or supervision.

51.	As a direct and/or proximate result of these events, Plaintiff WILLIAM SEALE suffered bodily injury and resulting pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  These losses are permanent and continuing in nature, and Plaintiff WILLIAM SEALE will suffer the losses indefinitely into the future.

WHEREFORE Plaintiff WILLIAM SEALE demands judgment for damages against Defendant TAYLOR CLARK, costs of this action, and any other relief this court deems just and proper.

## COUNT VI
## LOSS OF CONSORTIUM
## (ALL DEFENDANTS)

52. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1 through 18, above, as if fully set forth here.

53. As a direct and proximate result of the bodily injury to her husband, Plaintiff WILLIAM SEALE, Plaintiff MARGUERITE E. PELISSIER, his wife, has lost the comfort, care, society, support and consortium of her husband.

WHEREFORE Plaintiff MARGUERITE E. PELISSIER demands judgment for damages against Defendants OCEAN REEF, ORCA, and TAYLOR CLARK, costs of this action, and any other relief this court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury for all issues so triable.

DATED this 30th day of May, 2013.

            Respectfully submitted,

            THE FERRARO LAW FIRM
            *Attorneys for Plaintiffs*
            4000 Ponce de Leon Blvd, Suite 700
            Miami, Florida 33146
            Telephone: (305) 375-0111
            Facsimile: (305) 379-6222

    **By:** /s/ Melissa Damian Visconti
        MELISSA DAMIAN VISCONTI, ESQ.
        *mdv@ferrarolaw.com*
        Florida Bar No.: 0068063
        JUAN P. BAUTA, ESQ.
        *jpb@ferrarolaw.com*
        Florida Bar No.: 894060
        BRADFORD R. SOHN, ESQ.
        *brs@ferrarolaw.com*
        Florida Bar No.: 098788

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 6th day of June, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served forthwith on all counsel of record or pro se parties identified on the attached Service List by hand delivery via a process server.

        THE FERRARO LAW FIRM, P.A.

        By: /s/ Melissa Damian Visconti
            Melissa Damian Visconti, Esq.
            Florida Bar No. 0068063

**SERVICE LIST**

*William Seale and Marguerite E. Pelisser v. Taylor Clerk, Ocean Reef Club, Inc.*
*and Ocean Reef Community Association, Inc., et al.*
Case No. 1:13-21515-cv-CMA
United States District Court, Southern District of Florida

David S. Chaiet, Esq.
Eisinger, Brown, Lewis, Frankel
& Chaiet, P.A.
4000 Hollywood Boulevard
Suite 265-South
Hollywood, FL 33021
Telephone: (954) 894-8000
Email: dchaiet@eisingerlaw.com
*Attorney for Defendant Ocean Reef*
*Community Association, Inc.*

Elana B. Goodman
Mitrani Rynor Adamsky & Macaulay
1200 Weston Road
Penthouse
Weston, FL 33326
Telephone: (954)335-1010
Email: egoodman@mitrani.com
*Attorney for Defendant Ocean Reef Club, Inc.*

William Martin, Esq.
Peterson Bernard
707 SE 3rd Ave.
5th Floor
Fort Lauderdale, FL 33316
Email: *bmartin@ftl-law.com*
*Attorneys for Defendant Taylor Clark*

Taylor Clark
13 Rivers Edge Drive
Rumson, NJ 07760
*Defendant*